<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4636**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIO GOMEZ-JUAREZ, a/k/a Rooster,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.   (5:12-cr-00274-D-4)

Submitted:  June 18, 2015                 Decided:  July 7, 2015

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jenna Turner Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dario Gomez-Juarez pleaded guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846 (2012); distribution of cocaine, 21 U.S.C. § 841(a)(1) (2012) (four counts); and eluding examination and inspection by immigration officers, 8 U.S.C. § 1325(a)(2) (2012). He received a within-Guidelines sentence of 180 months' imprisonment. Gomez-Juarez's sole argument on appeal is that his case should be remanded to the district court for resentencing to apply Amendment 782 to the Sentencing Guidelines, a retroactive amendment that reduced the base offense levels in U.S. Sentencing Guidelines Manual § 2D1.1 (2013) by two levels. We affirm.

The district court properly applied the Guidelines in effect at the time of sentencing, notwithstanding the pending Guidelines amendment. We have previously held that a motion under 18 U.S.C. § 3582(c)(2) provides the proper procedure for defendants such as Gomez-Juarez to seek a reduction in their sentence based on a retroactive Guidelines amendment. See United States v. Johnson, 587 F.3d 625, 640 (4th Cir. 2009); United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008) (same).

2

Accordingly, we follow our usual practice and affirm the judgment of the district court without prejudice to Gomez-Juarez's right to pursue relief under § 3582(c)(2) in the sentencing court in the first instance.  See Brewer, 520 F.3d at 373.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED